UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANESSA MAGALIE FRANK,

           Plaintiff,

-vs-

RENTGROW, INC.,

           Defendant.

Case No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Vanessa Magalie Frank ("Plaintiff" or "Ms. Frank"), by and through her attorneys, brings this Complaint against RentGrow, Inc. ("Defendant" or "RentGrow") and states as follows:

## INTRODUCTION

1.  This is an individual action for damages, costs, and attorneys' fees brought against RentGrow pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2.  RentGrow is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports, also known as "tenant screening reports," generated from its database, or the databases of wholesale criminal and housing records vendors it contracts with, and furnishes these consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

3.  Defendant falsely reported to Plaintiff's potential landlord that she has an outstanding civil judgment against her in the amount of $3,565.00. In fact, Plaintiff does not have an outstanding civil judgment against her with an unpaid balance. Widely available public records

1

in the Williamson County General Sessions Court, including a Memorandum of satisfaction dated October 16, 2017, confirms the civil judgment against Plaintiff was satisfied over four years ago.

4. Defendant's inaccurate reporting resulted in the initial denial of Plaintiff's rental application and delayed Plaintiff's ability to rent the apartment unit of her choice that was suitably accommodating of her needs, which caused her physical injury as a result of emotional distress, embarrassment, inconvenience, anxiety, fear of homelessness, and financial loss.

5. Defendant's inaccurate reporting could have been easily remedied had it consulted current public record, including the Memorandum of satisfaction, which confirms the civil judgment was satisfied on October 16, 2017, prior to selling inaccurate civil court record information and issuing the inaccurate tenant screening report regarding Plaintiff to her prospective landlord.

6. Defendant does not employ or follow reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ and follow reasonable procedures resulted in Plaintiff's tenant screening report being inaccurate.

7. As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims for failure to employ and follow reasonable procedures to assure maximum possible accuracy based on § 1681e(b) of the FCRA.

## THE PARTIES

8. Plaintiff Vanessa Magalie Frank is a natural person who resides in Lawrenceville, Georgia, and who is a "consumer" protected by the FCRA.

9. Defendant RentGrow, Inc. ("Defendant" or "RentGrow") is a Delaware corporation doing business throughout the United States, including in the State of Georgia, and has a principal place of business located at 307 Waverly Oaks Road, Suite 301, Waltham, Massachusetts 02452.

10. Among other things, RentGrow sells consumer reports, often called background checks, tenant screening reports, and credit reports, to landlords for their use in deciding whether to rent to a prospective tenant. These reports are sold to landlords in connection with a business transaction initiated by the consumer.

11. RentGrow is a consumer reporting agency as defined under 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in whole or in part in the practice of assembling and/or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports for tenant screening purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

12. RentGrow is also a "reseller" as defined at 15 U.S.C. § 1681a(u), which is a "consumer reporting agency that—(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced."

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE FCRA'S PROTECTIONS FOR HOUSING APPLICANTS

15. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting. It regulates all consumer reports such as the tenant screening report prepared in Plaintiff's name.

16. In the parlance of the FCRA, background checks and tenant screening reports are "consumer reports," and providers of background checks and tenant screening reports are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

17. The FCRA provides a number of protections for housing applicants who are subject to background checks and tenant screening reports.

18. The FCRA imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

19. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

20. Defendant disregarded these duties with respect to Plaintiff's tenant screening report.

## FACTS

**Plaintiff Applies to Rent an Apartment Unit at Sugarloaf Grove Apartments**

21. In or about early February 2021, Plaintiff began looking for apartments to rent in Lawrenceville, Georgia. Plaintiff was seeking a one-bedroom apartment within her budget that was close in distance to her boyfriend and his minor child.

22. On February 20, 2021, Plaintiff applied via telephone to a one-bedroom apartment at Sugarloaf Grove Apartments ("Sugarloaf Apartments") located at 1850 Duluth Highway, Lawrenceville, Georgia 30043.

23. Plaintiff immediately made arrangements for the move and began packing her belongings. Plaintiff's move-in date was set for February 27, 2021.

### RentGrow's Inaccurate Tenant Screening Report

24. Sugarloaf Apartments contracted with RentGrow to provide tenant screening reports, which are consumer reports also known as background checks, on prospective tenants used to determine whether a prospective tenant is eligible to rent an apartment.

25. On or about February 24, 2021, Sugarloaf Apartments obtained a consumer report regarding Plaintiff from RentGrow, which it calls a "Screening Report," including a compilation of Plaintiff's credit report, a criminal record report, and eviction report.

26. The Screening Report is a consumer report regulated by the FCRA.

27. The "Premium National Civil Court Records Search" section of the Screening Report included the following information:

> Case #: 2016CV1512
> JUDGEMENT on 8/15/2016
> **Plaintiff:** SOUTHWIND APARTMENTS
> **Defendant:** FRANK, VANESSA
> **Address:** 215 HATFIELD DR #215 2, FRANKLIN TN 37064
> **Court:** WILLIAMSON CO GENERAL SESSION
> **Action Type:** SMALL CLAIMS JUDGMENT
> **Filing Type:** SMALL CLAIM
> **Amount:** 3,565.00
> **Assets:** 0.00

28. RentGrow's reporting was false. The aforementioned civil judgment should not have been included in Plaintiff's Screening Report.

29. Any member of the public who took a five-minute cursory review of the widely available public court records regarding the above-referenced civil court record could confirm the flaw in RentGrow's consumer reports regarding Plaintiff. It is indisputable that prior to supplying Plaintiff's consumer report to RentGrow, and prior to RentGrow supplying Plaintiff's Screening Report to Sugarloaf Apartments, RentGrow failed to consult widely available public court records in Williamson County, Tennessee, which unequivocally indicate that the above-referenced civil judgment was satisfied on October 16, 2017.

**Plaintiff's Rental Application is Denied Due to RentGrow's Inaccurate Tenant Screening Report**

30. As a result of RentGrow's false and inaccurate reporting, the status of the "Individual Result" section of Plaintiff's Screening Report from RentGrow indicated: "REJECT." More specifically, the "Reasons for Result" section indicated: "Civil Court History Does Not Meet Property Requirements."

31. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's consumer reports and the files they published and maintained.

32. On February 24, 2021, Plaintiff sent a copy of RentGrow's inaccurate Screening Report to Sugarloaf Apartments with a written explanation of the inaccurate reporting. Plaintiff received email correspondence shortly thereafter from Sugarloaf Apartments stating that her rental application had been denied due to owing money to a former landlord.

33. Plaintiff immediately contacted RentGrow via telephone and email to dispute the inaccurate civil judgment record reported. RentGrow assured her that the dispute had been forwarded to Trans Union Rental Screening Solutions, LLC ("TURSS"), a third-party consumer reporting agency whom RentGrow purchased the record from, for review. When Plaintiff later

tried to confirm that the dispute was sent to TURSS, she was told that the dispute was missing information.

34. After spending several hours on the phone with a RentGrow supervisor, Plaintiff insisted the supervisor provide her with the confirmation number after he submitted a new dispute to TURSS.

35. Plaintiff was not allowed to move into the Sugarloaf Apartment unit on February 27, 2021.

36. Approximately six days later, on March 2, 2021, Plaintiff received email correspondence from TURSS and RentGrow confirming that it had reinvestigated her dispute and removed the civil judgment record from her consumer report. An updated copy of RentGrow's Screening Report about Plaintiff confirmed the status of the "Premium National Civil Court Records Search" section of Plaintiff's corrected Screening Report indicated: "Dispute Completed, Meets Property Requirements."

37. But for RentGrow's false consumer reports, Plaintiff's rental application would have been accepted by Sugarloaf Apartments, and she would have secured her desired apartment immediately and been allowed to move in as scheduled on February 27, 2021.

38. Defendant does not have reasonable procedures in place to assure maximum possible accuracy because it would not make as much money if it implemented such procedures. Instead, Defendant merely collects criminal record information from unreliable, third-party vendors, which it repackages and sells as rental screening products without taking any steps to independently verifying the accuracy of said information.

39. Despite knowing that its procedures are unreasonable and do not assure the maximum possible accuracy required by the FCRA, Defendant persists in utilizing procedures in

reckless or knowing disregard for the rights of consumers, causing the very type of damages suffered by Plaintiff.

40. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

41. As a direct result of Defendant's conduct, action, and inaction, Plaintiff has suffered these injuries resulting in damages, including the initial denial of her rental application and subsequent delay in the ability to rent the apartment unit she desired; the expenditure of time and money disputing inaccurate information to try and clear her name and force Defendant to comply with the FCRA's mandates; damage to her reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

## **CLAIMS FOR RELIEF**

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

42. Plaintiff relies on the factual allegations contained within paragraphs 1-41 of this Complaint, which are the factual bases of each cause of action herein.

43. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

44. Defendant is also a "reseller" as defined at 15 U.S.C. § 1681a(u), which is a "consumer reporting agency that—(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such

activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced."

45. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

46. At all times pertinent hereto, the above-mentioned Screening Report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

47. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's consumer reports and the files it published and maintained.

48. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered these injuries resulting in damages, including a delay in the ability to rent the apartment unit she desired; the expenditure of time and money disputing inaccurate information to try and clear her name and force Defendant to comply with the FCRA's mandates; damage to her reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment; and other losses that are continuing in nature.

49. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

50. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

51. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that Defendant negligently and/or willfully violated the FCRA as alleged herein;

b) Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

c) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

d) Granting further relief, in law or equity, as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

52. Plaintiff demands a trial by jury.

Dated: May 19, 2021                    JOSEPH P. MCCLELLAND, LLC

*/s/* Joseph P. McClelland
Joseph P. McClelland, LLC
545 N. McDonough Street, Suite 210
Decatur, GA 30030
Telephone: (770) 775-0938
Fax: (470) 468-0070
Email: joseph@jacksonlaws.com

BERGER MONTAGUE, PC
Hans W. Lodge, MN Bar No. 397012*
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bm.net
*Pro Hac Vice Forthcoming*

*ATTORNEYS FOR PLAINTIFF*